HILDA BUDDLE, RESPONDENT, v. RELIABLE COUNCIL NO. 169, JUNIOR ORDER UNITED AMERICAN MECHANICS, AN ASSOCIATION, APPELLANT.

Submitted May 5, 1942—Decided June 9, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the appellant, *Robert M. Emery* and *Abraham M. Nickelsporn.*

For the respondent, *Adolph Abramowitz* and *Andrew O. Wittreich*.

Bodine, J.   A widow sued for funeral benefits due by reason of her husband's death while holding membership in the defendant order.   The proofs indicate that such benefits would not be paid except by court order.   Therefore, she had no other remedy.   Waiving the excess over the jurisdictional amount, judgment was entered for $500, and the defendant appeals.

The deceased had been a member in the defendant order for thirty-four years.   He had paid 40 cents a week, $20.80 a year, and more than $690 during his lifetime.   The defendant's ledger showed that he was in arrears for a period sufficiently long to disentitle him to funeral benefits—not so the pass book which was the member's receipt.   The pass book showed that the member was paid to January 1st, 1940.   This was in the financial secretary's handwriting.

Thereafter payments of $7.60 were made, accounting for nineteen weeks dues and leaving due less than ten weeks required payments, when a payment of $4 was made.   Even if this could not, by reason of rule, be credited till after the member's death, clearly the member was not in arrears for more than thirteen weeks necessary to effect a suspension under the by-laws.   The learned trier of the facts was not obliged to credit, as against the widow, the testimony of the financial secretary, which was not consistent with his pass book entries.

The learned District Court Judge was at liberty to accept the member's pass book as proof of the member's standing as against the ledger entries.   It quite frequently happens that a pass book shows one situation and a ledger entry another.   Since there were proofs to support the fact finding of good standing, the defense failed.

As before noted, the pursuit of internal remedies within the order appeared to be futile.   *Walsche* v. *Sherlock*, 110 N. J. Eq. 223.

The judgment is affirmed, with costs.